UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62187

CLAY SPEARS, individually and on
behalf of all those similarly situated,

    Plaintiff,

v.                                          **CLASS ACTION**

STRAUS & ASSOCIATES P.A.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff CLAY SPEARS ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant STRAUS & ASSOCIATES P.A. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.      JURISDICTION AND VENUE**

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2.      Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

3.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## 2. **PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is a Florida professional association, with its principal place of business located at 10081 Pines Boulevard, Suite C, Pembroke Pines, Florida 33024.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## 3. **DEMAND FOR JURY TRIAL**

8. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

## 4. **ALLEGATIONS**

9. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

PAGE | 2 of 9

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

16. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

17. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

18. Defendant mailed a collection letter, dated February 11, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

19. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

20. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

21. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

22. The Collection Letter does not disclose that Defendant is a debt collector and that, as a debt collector, it (Defendant) "is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

23. The Collection Letter is required to contain the disclosures required by 15 U.S.C. § 1692g(a)(1)-(5). The Collection Letter, however, does not adequately inform the least sophisticated consumer of, among other things, the rights he or she enjoys under § 1692g(a)(4) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**5.     CLASS ALLEGATIONS**

24.     This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

25.     The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) that attempts to collect a consumer debt (6) whereby said letter was Defendant's initial communication with the consumer in connection with the collection of a consumer debt (7) and said letter fails to comply with the disclosure requirements of either § 1692g(a)(4) or § 1692e(11) of the FDCPA.

26.     The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) during the twenty-four [24] months preceding the filing of this Complaint (5) that attempts to collect a consumer debt (6) whereby said letter was Defendant's initial communication with the consumer in connection with the collection of a consumer debt (7) and said letter violates either § 1692g(a)(4) or § 1692e(11) of the FDCPA.

27.     Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which violate the FDCPA and FCCPA as set forth below.

5.1     EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

28.     Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

29.     The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

31. The principal legal issue for the FDCPA Class is whether Defendant violated § 1692g(a)(4) of the FDCPA by failing to include in the collection letter it mailed to members of the FDCPA Class the "in writing" requirement and/or disclosure for disputes made pursuant to 15 U.S.C. § 1692g(a)(4), as well as whether Defendant, by failing to include the disclosures requirement by 15 U.S.C. § 1692e(11), also violated § 1692e(11) of the FDCPA.

32. The principal legal issue for the FCCPA Class is whether Defendant, by mailing collection letters to consumers in violation of § 1692g(a)(4) or § 1692e(11), violated § 559.72(9) of the FCCPA.

33. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

34. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

35. Plaintiff is an adequate representative of each of the classes.

36. Plaintiff will fairly and adequately protect the interests of the classes.

37. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff

PAGE | **5** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4    PREDOMINANCE AND SUPERIORITY

38.    Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39.    Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

40.    Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. §§ 1692g(a)(4) & e(11)**

41.    On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-40 as though fully set forth herein.

42.    The Collection Letter, dated February 11, 2019, was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

43.    Each and every collection letter Defendant has mailed to Florida consumers, such as Plaintiff, wherein said letter represents Defendant's initial communication with said consumer, Defendant has violated § 1692g(a)(4) and § 1692e(11) of the FDCPA

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44. First, the Collection Letter fails to comply with the disclosure requirements of § 1692g(a)(4) of the FDCPA, as the "in writing" requirement for disputes made pursuant to § 1692g(a)(4) is wrongfully omitted. *See* Collection Letter (presumably, in an attempt to comply with § 1692g(a)(4), the Collection Letter states, "if you do notify us of a dispute, we will obtain verification of the debt and mail it to you."). Section 1692g(a)(4) of the FDCPA commands that the Collection Letter must contain "a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphasis added). As such, Defendant, by and through the Collection Letter, violated § 1692g(a)(4) of the FDCPA.

45. Second, the Collection Letter fails to comply with the disclosure requirements of § 1692e(11) of the FDCPA, in that, the Collection Letter does not inform the least sophisticated consumer that Defendant is a debt collector, Defendant is attempting to collect a debt, and that any information obtained will be used for that purpose. *See* 15 U.S.C. § 1692e(11) ("[t]he failure to disclose in the initial written communication with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…."). As such, Defendant, by and through the Collection Letter, violated § 1692e(11) of the FDCPA.

46. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

47.     On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-40 as though fully set forth herein.

48.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

49.     Defendant is an entity governed by Fla. Stat. § 559.72(9), *in that*, it is a violation of the FCCPA for Defendant to engage in the conduct explicitly prohibited by Fla. Stat. § 559.72(9).

50.     Here, as set forth in *Count I*, the Collection Letter attempts to collect a debt in a manner which violates § 1692g(a)(4) and § 1692e(11) of the FDCPA. Defendant knew that to lawfully attempt to collect the Consumer Debt, it (Defendant) is required to adhere to the requires of the FDCPA. Thus, to lawfully seek the collection of the Consumer Debt, Defendant was required comply with the FDCPA – in particular – § 1692g(a) and § 1692e(11).

51.     Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt from Plaintiff in violation of § 1692g(a)(4) and § 1692e(11) of the FDCPA. Thus, by and through the Collection Letter, as well as those letters it (Defendant) mailed to members of the FCCPA Class, Defendant violated Fla. Stat. 559.72(9).

52.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

  (a)     Statutory damages, as provided under Fla. Stat. § 559.7(2);

PAGE | **8** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: August 31, 2019

                         Respectfully Submitted,

                         /s/ Jibrael S. Hindi
                         **JIBRAEL S. HINDI, ESQ.**
                         Florida Bar No.: 118259
                         E-mail:   jibrael@jibraellaw.com
                         **THOMAS J. PATTI, ESQ.**
                         Florida Bar No.: 118377
                         E-mail:   tom@jibraellaw.com
                         The Law Offices of Jibrael S. Hindi
                         110 SE 6th Street, Suite 1744
                         Fort Lauderdale, Florida 33301
                         Phone:     954-907-1136
                         Fax:         855-529-9540

                         *COUNSEL FOR PLAINTIFF*